IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  05-cv–01542-PSF-MEH

UNITED STATES OF AMERICA,

      Petitioner,

v.

GLOBAL STRATEGIES GROUP, LTD.
HARLEY G. HUNTER, President,

      Respondents.

---

Consolidated with Civil Action No. 05-cv-01543-PSF

UNITED STATES OF AMERICA,

      Petitioner,

v.

HARLEY G. HUNTER,

      Respondent.

---

## FINAL JUDGMENT AND ENFORCEMENT ORDER

---

Having considered the United States' Petitions to Enforce Internal Revenue

Service Summonses and the Declarations of Revenue Agent Karl Doolittle, and the

Respondents' objections, this Court finds as follows:

1.    The Internal Revenue Service summonses issued to Harley G. Hunter,

individually; Global Strategies Group, Ltd., and Harley G. Hunter as President of Global

Strategies Group, Ltd., for a legitimate purpose – to obtain information concerning the

tax liability of Harley G. Hunter for the years 2000 and 2001, and Global Strategies, Ltd., for the fiscal years ended February 28, 2001 and February 28, 2002.

2.     The Internal Revenue Service summonses sought testimony and records as set forth in the attachment to the summonses concerning the federal tax liability of Harley G. Hunter and Global Strategies, Ltd., as specified in the summonses.

3.     The testimony, records, and documents demanded by the Internal Revenue Service summonses are not in the possession of the Internal Revenue Service, except to the extent already produced by the respondents or others.

4.     The administrative steps required by the Internal Revenue Code for the issuance of the summonses have been met.

5.     On August 30, 2005, Harley G. Hunter was served with the Orders to Show Cause issued by the Court, and appeared at a hearing before this Court on March 23, 2006.  At the hearing Respondents advised the Court that they have complied with the summonses by providing the documents in their possession to IRS (and two days of recorded question and answer sessions) in response to the IRS administrative summonses issued to respondents at issue herein, and also those issued in connection with an IRS investigation of Michael Chatzky.

6.     Harley G. Hunter and Global Strategies, Ltd., have failed to show sufficient cause as to why he and Global Strategies, Ltd., should not be ordered to comply with the Internal Revenue Service summonses.

IT IS THEREFORE ORDERED that Harley G. Hunter, individually, and as President of Global Strategies, Ltd., and Global Strategies, Ltd., shall comply with and obey the Internal Revenue Service summonses served upon Mr. Hunter by:

(1)  providing all documents not already provided that are responsive to the summonses as specified therein by April 13, 2006;

(2)  providing testimony recorded by a court reporter at a date to be determined by the parties but no later than June 2, 2006, by appearing at the Internal Revenue Service at 1244 Speer Boulevard, Suite 500, Denver, Colorado 80204.

It is further ordered pursuant to agreement of the parties that Mr. Hunter will in addition and apart from what is required by the summonses:

(1)  request forthwith from Peter Howe, Blenheim Fiduciary Group Ltd., Heritage International Corporation, or any other entity, having documents or records, financial statements, statements of account, statements of deferred compensation, since January 1, 1995, through calendar year 2004, of or pertaining to Heritage International Corporation, including without limitation all such information which was transmitted to Harley G. Hunter and/or Global Strategies Ltd.

(2)  request documents pertaining to any and all foreign grantor trusts as requested in item 35 in the attachment to the summons issued to Harley G. Hunter, including but not limited to any foreign grantor trust originally created to hold any ownership interest in Heritage International Corporation.

(3)  In agreeing to make the requests stated in the immediately preceding paragraphs (1) and (2), the Court recognizes that respondents are not conceding, waiving or relinquishing any objections they may have regarding whether the summonses obligate respondents to make such requests, all such objections being reserved.

3

These cases are hereby administratively closed, subject to possible reopening only upon motion of a party for good cause shown.  Petitioner's Motion for Extension of Time (Dkt. # 17) is DENIED as moot.

DATED this 29th day of March, 2006.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge